UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLY M. HAGER,<br><br>   Plaintiff,<br><br>   v.<br><br>CAROLYN COLVIN,<br><br>   Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. C15-5923RSM<br><br>ORDER ON SOCIAL SECURITY DISABILITY |

## I.   INTRODUCTION

Plaintiff, Kelly Hager, brings this action pursuant to 42 U.S.C. §§ 405(g), and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act. This matter has been fully briefed[1] and, after reviewing the record in its entirety, the Court AFFIRMS the Commissioner's decision.

## II.   BACKGROUND

Plaintiff protectively filed an application for Supplemental Security Income disability benefits ("SSI") on May 7, 2012, alleging disability beginning February 21, 2012. Tr. 16. The claim was denied initially and upon reconsideration. Tr. 16. Plaintiff then requested a hearing,

---

[1] The Court notes that Plaintiff filed an Opening Brief, but did not file any Reply in answer to the Commissioner's Response.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 1

which was held on May 9, 2014, before Administrative Law Judge ("ALJ") Rebekah Ross. Tr. 26. Vocational Expert ("VE") Jeff Cockrum appeared at the hearing and testified. Tr. 16. Plaintiff's application was denied on May 21, 2014. Tr. 16-26. Plaintiff requested administrative review of the ALJ's decision, and on October 19, 2015, the Appeals Council declined review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Tr. 1-5. Plaintiff then timely filed this judicial action.

### III.   JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

### IV.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## V. EVALUATING DISABILITY

As the claimant, Ms. Hager bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At

step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity" ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). [2] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the

---

[2] Substantial gainful employment is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R § 404.1572.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 4

claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## VI. ALJ DECISION

Utilizing the five-step disability evaluation process,[3] the ALJ found:

**Step one:** Ms. Hager had not engaged in substantial gainful activity since April 15, 2011, the application date. Tr. 18.

**Step two:** Ms. Hager had medical impairments that caused more than a minimal effect on her ability to perform basic work activities. Specifically, she suffered from the following "severe" impairments: degenerative disc disease and herniated disc with radiculopathy. Tr. 18.

**Step three:** These impairments are not severe enough to meet the requirements of any listed impairment in Appendix 1, Subpart P, Regulations No. 4. Tr. 18-19.

**Residual Functional Capacity:** Ms. Hager had the RFC to perform sedentary work as defined in 20 C.F.R. 416.967(a). She can occasionally stoop, kneel, crouch, and crawl. She can never climb ladders, ropes or scaffolds. She would need an option to sit and stand with changes every 30 minutes. Tr. 19.

**Step four:** Ms. Hager is unable to perform her past relevant work as a stores laborer, airline security representative, and cashier checker. Tr. 24.

**Step five:** An individual with Plaintiff's age, education, work experience, and RFC could work in a significant number of jobs in the national economy, such as document preparer, addresser, and receptionist; therefore, she was not disabled. Tr. 24-26.

## VII. ISSUES ON APPEAL

Plaintiff challenges the following findings by the ALJ:

---

[3] 20 C.F.R. §§404.1520, 416.920.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 5

>    **Finding 4:** After careful consideration of the entire record, I find the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a). She can occasionally stoop, kneel, crouch, and crawl. She can never climb ladders, ropes or scaffolds. She would need an option to sit and stand with changes every 30 minutes. (AR 19).
>
>    **Finding 9:** Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)). (AR 24).
>
>    **Finding 10:** The claimant has not been under a disability, as defined in the Social Security Act, since April 15, 2011, the date the prior application was filed (20 CFR 416.920(g)). (AR 25).

Dkt. #11 at 2-3. Plaintiff argues that these findings were in error because the ALJ did not base her credibility determination on clear and convincing reasons, the ALJ did not assign the correct weight to the opinion of treating physician Michael Martin, M.D., and the ALJ erred in her Step 5 analysis by failing to address sit/stand requirements. Dkt. #11 at 3-14. Plaintiff now seeks remand for an immediate award of benefits. Dkt. #11 at 14-15. For the reasons discussed below, the Court denies Plaintiff's request.

## VIII.   DISCUSSION

### A. The ALJ's Credibility Determination

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at

all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id*. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*. The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

In the instant matter, Plaintiff complains that the ALJ erred in finding her (Plaintiff) "not entirely credible". *See* Tr. 19. The Court disagrees. The ALJ found that Plaintiff's allegations were not fully credible because they were inconsistent with the medical evidence, Plaintiff had made inconsistent statements, Plaintiff's lack of treatment suggested her symptoms were not as serious as alleged, and the record included evidence suggesting that Plaintiff had exaggerated her symptoms and limitations. Tr. 21-22. As the Commissioner argues, these conclusions were fully explained and are supported by the record. *See* Dkt. #12 at 2-14.

Ms. Hager argues that the ALJ improperly discounted her claims when she found them inconsistent with the medical evidence. Dkt. #11 at 4-6. However, the ALJ fully explains the inconsistencies. The ALJ notes that Plaintiff had asserted she had been unable to perform any work since April 15, 2011, because of functional limitations imposed by her impairments. Tr. 19. However, the ALJ went on to explain the objective medical evidence in the record and how that contradicted Plaintiff's assertions. Tr. 19-21. The ALJ discussed several reports from

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 7

Plaintiff's treating physician Michael Martin, M.D., and noted the numerous times Plaintiff had presented with no myelopathy or antalgia, and Dr. Martin's findings that Plainitff was neurologically intact. These objective findings meant that she was not compensating for pain. Tr. 19-21. The ALJ also discussed the opinion of Christina Casady, OTR/L. Tr. 20. She noted that the physical effort criteria noted by Ms. Casady indicated Ms. Hager's overall performance was a variable effort, she demonstrated self-limiting behavior, and reported significant increase in symptoms with no objective findings or postural changes. *Id.* The ALJ discussed other aspects of Ms. Casady's report, and relied on that report in finding that Ms. Hager had exaggerated her symptoms and limitations. Tr. 22. Significantly, Ms. Hager does not raise any dispute as to the ALJ's reliance on the Casady report. *See* Dkt. #11.

The ALJ also discussed the findings of Nicholas Harrison, PA-C, and Kyong Ho Kim, D.O.. Tr. 20. The ALJ also relied on Dr. Kim's note in finding that Ms. Hager had exaggerated her symptoms and limitations. Tr. 22. While Plaintiff complains that Dr. Kim only saw her on one occasion, she does not demonstrate that Dr. Kim's examination was incomplete or that his assessment was unreliable. *See* Dkt. #11 at 6.

The ALJ discusses the opinion of William Dinenberg, M.D. Tr. 2-12. He was asked to provide a second opinion regarding whether Ms. Hager should undergo a third back surgery. Tr. 20-21. The ALJ relied on Dr. Dinenberg's report in assessing Ms. Hager's RFC. Tr. 21. As with Dr. Kim, Ms. Hager complains that Dr. Dinenberg treated her on only one occasion, for a Department of Labor & Industries independent medical examination (Dkt. #11 at 7), but does not demonstrate that Dr. Dinenberg's examination was incomplete, that his assessment of her was unreliable, or that his note supported incorporation of greater limitations in the ALJ's RFC assessment.

Having reviewed the ALJ's analysis of the record, the Court does not agree with Plaintiff that the ALJ merely "cherry picked" the evidence supporting her conclusions. Ms. Hager may believe the records should be interpreted differently, but she has not demonstrated that the ALJ's assessment of, and reliance on, the evidence in this case was irrational and or unsupported by the record.

Likewise, the Court finds that the ALJ appropriately concluded that Ms. Hager's lack of treatment undermined her allegations. As the Commissioner points out, the record reveals that Ms. Hager had previously taken a muscle relaxer, methocarbamol, and other pain medications including Naproxen, Percocet, and marijuana, to control her symptoms over a long period of time. Tr. 59, 325, 392, 342, 547, 573, 602, 841, 858-59 and 889. The ALJ found that evidence contradicted Ms. Hager's assertions that medications did not work for her.

The Court also rejects Ms. Hager's assertion that the ALJ improperly relied on her failure to seek chiropractic treatment which she could not afford due to lack of insurance coverage by Labor and Industries ("L&I"). Dkt. #11 at 6. It is true that "benefits may not be denied to a disabled claimant because of failure to obtain treatment that the claimant cannot afford." *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). However, Plaintiff fails to acknowledge her own testimony that she had insurance other than L&I coverage available to her, and she did not testify that such insurance would not cover chiropractic treatment. Tr. 58 and 61. As a result, the Court agrees with the Commissioner that the ALJ's alleged failure to consider Ms. Hager's lack of L&I coverage was harmless error at best. *See Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012) (finding that the ALJ may properly rely on an unexplained or inadequately explained failure to seek treatment or follow a prescribed course of treatment when evaluating credibility, absent medical evidence that the

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 9

failure to seek or follow treatment was attributable to claimant's mental impairment rather than her personal preference).

Finally, the ALJ discussed at length, her conclusion that Ms. Hager had made inconsistent statements as to how her pain and muscle spasms affected her daily activities. Tr. 21-22. The ALJ provided examples of Plaintiff's statements regarding her ability or inability to walk, work, sit, stand, care for her children, care for her pets, and engage in her hobbies. *Id.* "Even where those activities suggest some difficulty functioning," they can support a credibility finding "to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113. The ALJ adequately noted the contradictions between Plaintiff's statements to her doctors, her testimony at the hearing, and other evidence in the record.

Accordingly, the Court finds that Plaintiff has not demonstrated the ALJ committed harmful error in her assessment of Plaintiff's credibility.

**B. The ALJ's Assessment of Dr. Martin's Opinion**

The Court next turns to Plaintiff's allegation that the ALJ assigned the wrong weight to the opinion of Plaintiff's treating physician, Dr. Martin. The ALJ must provide "clear and convincing" reasons for rejecting an uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected."

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 10

*Id*.; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984). In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Plaintiff argues that the ALJ erred in giving Dr. Martin's opinion about Plaintiff's limitations "little weight." Dkt. #11 at 10-12. Plaintiff particularly focuses on Dr. Martin's opinion that Ms. Hager could lift, push and pull less than 10 pounds, and sit, walk and stand up to three hours each, and asserts that had the ALJ properly credited that opinion, she would have necessarily found Plaintiff's RFC to be less than sedentary and concluded that Plaintiff is disabled. *Id.* Again the Court disagrees.

As an initial matter, Plaintiff provides no authority for her assertion that Dr. Martin's opinion necessarily means that Plaintiff's RFC is less than sedentary, or that such opinion would compel the conclusion that Plaintiff is disabled. Indeed, as the Commissioner highlights, the inability to perform a full range of sedentary work does not necessarily equate with a finding of disability. Dkt. #12 at 15 (quoting applicable social security regulations).

Further, the Court finds that the ALJ reasonably assessed Dr. Martin's opinion. The ALJ explains that she discounted Dr. Martin's and PA-C Harrison's opinions about Plaintiff's limitations

> because the providers' evaluations of the claimant did not have the type of significant clinical abnormalities to substantiate the opinion. Specifically, the providers founds she had good body mechanics and nonantalgic gait and was neurologically intact.

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 11

Tr. 23 (citations omitted).  The ALJ cites to several portions of the record in support of her assessment, where the objective clinical findings contradicted the opinion.  Tr. 23 (citing Exs. 3F/4, 10, 12 and 5F/5).  Identifying contradictions between a doctor's opinion and his medical findings is "a permissible determination within the ALJ's province."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  Thus, the Court finds that the ALJ did not commit harmful error in assigning Dr. Martin's opinion "little weight."

### C.  Step Five Analysis

Finally, Plaintiff argues that the ALJ committed error at Step 5 because she improperly adopted the VE's testimony about sedentary work positions.  Dkt. #11 at 12-14.  Specifically, Ms. Hager believes that the VE's description of what constitutes sedentary work is in conflict with the definition of "sedentary" contained in the Dictionary of Occupational Titles.  Dkt. #11 at 13.

As noted above, if a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do.  *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e).  The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids").  *Tackett*, 180 F.3d at 1100-1101; *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000).  An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ.  *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).  Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record."  *Id*. (citations omitted).  The ALJ, however, may omit from that description

those limitations he or she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

As the Court has already determined, the ALJ properly evaluated Ms. Hager's impairments. The ALJ included those impairments in her hypotheticals to the VE, Mr. Cockrum. Plaintiff's attorney also questioned Mr. Cockrum about why he believed certain representative jobs met the hypothetical criteria. Although Ms. Hager does not agree with the ALJ's conclusion, the Ninth Circuit has held that "[w]here evidence is susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Accordingly, the Court finds that Plaintiff has failed to demonstrate harmful error in the ALJ's Step 5 determination.

## IX.   CONCLUSION

For the foregoing reasons, the Court hereby finds that the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is AFFIRMED.

DATED this 14th day of July, 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ON SOCIAL SECURITY DISABILITY, PAGE - 13